UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK W. DOOLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **RECREATION AND PARKS COMMISSION FOR THE PARISH OF EAST BATON ROUGE (BREC)** | **NO. 08-715-A-M2** |

### RULING & ORDER

This matter is before the Court on the Motion to Compel (R. Doc. 12) filed by plaintiff, Patrick W. Dooley ("Dooley"). Defendant, The Recreation and Parks Commission for the Parish of East Baton Rouge ("BREC"), has filed an opposition (R. Doc. 13) to Dooley's motion.

### FACTS & PROCEDURAL BACKGROUND

On October 31, 2008, Dooley filed this suit, pro se, pursuant to Title VII of the Civil Rights Act of 1964. In his complaint, he alleges that, in September 2005, he provided his employer, BREC, with written notice of his religious beliefs and filed a discrimination charge with his employer claiming that he had been discriminated against in his review and subsequent denial of a raise. He contends that, after he filed his discrimination charge with BREC, he was removed from the work site in a police vehicle for allegedly threatening two (2) employees, and he was given a seven (7) day suspension from work without pay. Dooley also alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in October 2005. He received his Dismissal and Right to Sue letter from the EEOC on September 11, 2006. Dooley then filed a suit in this Court

1

("prior suit") on December 11, 2006. *See*, Civil Action No. 06-932-D-M1. He contends that, after filing suit against BREC, his "helper" was taken away in January 2007, and he was required to work by himself. He contends that BREC engaged in other acts of retaliation as a result of his having filed a complaint with his employer and with the EEOC as well as due to the filing of his lawsuit. Such acts of retaliation included, writing him up for talking with a coworker on April 25, 2007; writing him up for making tire marks on the sidewalk on July 2, 2007; and leaving him "one point short of a raise" during his review in July 2007.

On July 30, 2007, summary judgment was granted in BREC's favor in Dooley's prior suit. In his present suit, he contends that, on August 23, 2007, he received a three (3) day suspension from work without pay for failing to complete a work assignment in a timely manner. He complained about that suspension to BREC's Human Resources Department, and that department conducted an internal investigation. Dooley contends that he was "given a copy of BREC's rules and told not to retaliate."

The complaint further provides that, in October 2007, Dooley was given another employee review, at which time he was threatened with dismissal, "had to sign a letter to that affect," and was denied his July raise for "3 months longer." Dooley contends that he is the only supervisor at BREC's Capital Improvement Department that is required to work by himself for extended periods of time. He asserts that such practice continues to the present day. He prays that the Court grant him relief for "all monetary losses and expenses resulting from Defendant's personnel actions against [him] ($2500)." He also requests that the Court "impose compensatory and punitive damages resulting from actions prohibited by Title VII Civil Rights Act of 1964 ($50,000), to deter future retaliatory and discriminatory practices." *See*, R. Doc. 1.

On March 27, 2009, Dooley filed an amended complaint, wherein he asserts that he was also subjected to disability discrimination, but he does not state what his alleged disability or impairment is. He further contends that he was suspended and ultimately discharged from employment for his failure to comply with BREC's Substance Abuse and Drug Free Workplace Policy.

In connection with his claims, Dooley propounded Interrogatories and Requests for Production of Documents upon BREC, to which BREC responded.[1]  On May 19, 2009, Dooley sent correspondence to BREC's counsel indicating that BREC's discovery responses were incomplete and demanding production of complete responses. BREC's counsel responded to that correspondence by letter dated May 27, 2009, specifically explaining each of BREC's objections to Dooley's requests. Dooley then filed the present motion to compel on June 1, 2009. In his motion, he seeks to have the Court compel BREC to provide complete responses to the following requests for production: 1, 3-10, 15, 17-22, and 24-25.

## **LAW & ANALYSIS**

**I.  Plaintiff's Request for Production Nos. 5, 6, 7, 8, 10, and 15:**

The above requests seek documents relating to various disciplinary actions or

---

[1] BREC produced approximately three hundred seventy (370) documents, including Dooley's personnel file; his complaint dated August 23, 2007 and an investigative report regarding same; information regarding applicants for a foreman position; and documents regarding BREC's Substance Abuse and Drug Free Workplace Policy. BREC objected to and did not produce the following documents: documents concerning facts which were the subject of plaintiff's prior lawsuit; information regarding drug testing of employees not parties to this litigation; documents relating to prior discrimination complaints against BREC, as well as prior accidents or incidents; and personnel files of plaintiff's former supervisors.

3

evaluations of Dooley during his employment that are the subject of this lawsuit. According to BREC, all such documents are maintained in his personnel file, a copy of which was provided to him with BREC's discovery responses. BREC has represented that it has no further documents responsive to such requests. As such, plaintiff's motion to compel relative to Request for Production Nos. 5, 6, 7, 8, 10 and 15 will be denied.

**II.      Request for Production Nos. 1, 3, 4, and 9:**

The above requests relate to Dooley's prior EEOC charge and his prior lawsuit against BREC:

No. 1:   In September 2005, Mr. Dooley filed a discrimination complaint with BREC there was a subsequent investigation, please provide all documents, notes and e-mails with Mr. Dooley's name or reference, related to this complaint and investigation.

No. 3:   Mr. Dooley filed a charge with the EEOC No. 461-2006-00289, October 2005, please provide all documents, notes, e-mails related to this charge.

No. 4:   Mr. Dooley filed a claim with the Federal District Court Middle District of Louisiana on December 11, 2006, Civil Action No. 06-932-JJB-SCR, please provide all documents, notes, e-mails with reference to Mr. Dooley associated with this claim.

No. 9:   BREC was granted a Motion for Summary Judgment on July 30, 2007, please provide all documents, notes, e-mails related to and referencing Mr. Dooley around this time.

BREC objected to these requests as irrelevant, not reasonably calculated to lead to discoverable information, and subject to the attorney-client and/or work product privileges. Subject to those objections, BREC produced a copy of Dooley's personnel file and explained that it is not in possession of any additional documents responsive to Dooley's requests. BREC's counsel further indicated that, although he maintains his own file regarding both the prior EEOC charge and the prior lawsuit, that legal file is privileged and

4

not subject to discovery.

BREC's objections are well-taken.  Although Dooley is alleging retaliation herein as a result of his having filed a prior EEOC complaint and lawsuit, this Court's determinations concerning the substance of that prior complaint and lawsuit are *res judicata* and cannot be relitigated in this suit.  As such, documents concerning the substance of those proceedings are irrelevant to the present matter.  Furthermore, many of the documents pertaining to those prior proceedings contained in defense counsel's legal file would be subject to protection from disclosure under the attorney-client privilege and/or work product doctrine.  Accordingly, Dooley's motion to compel further responses to Request for Production Nos. 1, 3, 4, and 9 should also be denied.

### III.     Request for Production No. 17, 18 and 19:

No. 17:     Please provide all documents, notes, e-mails related to the selection process for employees taking random drug screens.

No. 18:     Please provide a list of all BREC employees in safety sensitive positions with the dates and types of drug screens taken.

No. 19:     Please provide a complete chain of custody of Mr. Dooley's February 2009 drug screen.

BREC has produced a copy of its Substance Abuse and Drug Free Workplace Policy and a copy of Dooley's results from his February 2009 drug screen.  It represents that it has no other documents responsive to Request for Production Nos. 17 and 19.  Relative to Request for Production No. 18, BREC objects on grounds of relevancy and because information concerning the drug testing of employees other than Dooley is "of a highly confidential and private nature regarding persons who are not [parties] to the instant matter."

The Court agrees that a listing of all BREC employees who were subjected to drug testing and when and how those tests were taken is irrelevant to the issue in this suit, *i.e.*, whether Dooley was retaliated against and ultimately terminated by BREC as a result of his having filed a prior EEOC complaint and lawsuit against BREC. The drug testing of other employees has nothing to do with whether Dooley was properly selected for random drug testing under BREC's policy and terminated for a legitimate, non-discriminatory reason.

Finally, production of drug testing information concerning other BREC employees is prohibited by La. R.S. 49:1012 in any event. La. R.S. 49:1012 provides that "all information, interviews, reports, statements, memoranda, or test results received by [an] employer through its drug testing program are confidential communications and may not be used or received in evidence, obtained in discovery, or disclosed in any public or private proceedings, except in an administrative or disciplinary proceeding or hearing, or civil litigation where drug use by the tested individual is relevant." La. R.S. 49:1012. Accordingly, plaintiff's request to have BREC provide further responses to Request for Production Nos. 17-19 will be denied.

**IV.   Request for Production Nos. 20 and 21:**

In Request for Production Nos. 20 and 21, Dooley seeks documents concerning all discrimination complaints and investigations against BREC:

No. 20:   In order to determine the effectiveness of BREC's discrimination policies and procedures, please produce all documents, notes, e-mails, related to complaints, investigations, and discipline related to discrimination at BREC.

No. 21:   Please provide the percentage of discrimination complaints determined to be founded, the corrective actions taken, the

>   ultimate treatment of the complaining parties, the extent to which corrective acti[on] was communicated to the complaining party and other BREC employees.

BREC objected to the above requests on the ground that they are overbroad and seek information that is not relevant to this retaliation and discriminatory discharge case. The Court agrees. Courts have recognized that plaintiffs in employment discrimination/retaliation cases do not have an unlimited ability to delve into their employers' policy and personnel records, even when the plaintiffs have alleged a pattern of discrimination. *Franklin v. Living Centers-East, Inc.*, 1999 WL 615171 (E.D.La. 1999). A plaintiff's request for information about all discrimination actions filed against an employer "sweeps too broadly," and courts must establish "reasonable boundaries on the type of discovery permissible" by limiting the discovery to the relevant time period, to the particular type of discrimination alleged in the complaint, and to the divisions or departments where the plaintiff and his/her supervisors worked. *Childers v. Slater*, 1998 WL 429849, *4-5 (D.D.C. 1998), citing *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983); *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350 (5th Cir. 1995)(Employment discrimination plaintiff was prevented from introducing evidence at trial of discriminatory acts and utterances of his supervisor that were directed toward other employees, when those acts and remarks were based upon different types of discrimination than the plaintiff was alleging. The proffered evidence concerning types of discrimination other than the disability discrimination that the plaintiff was alleging was irrelevant). Courts should also limit such discovery to employees who are "similarly situated" to the plaintiff. *Krystek v. University of Miss.*, 164 F.3d 251 (5th Cir. 1999).

Based upon the above jurisprudence, BREC should be required to respond to plaintiff's Request for Production Nos. 20 and 21, but such responses should be limited to documents concerning complaints asserted by BREC employees who asserted claims of retaliation and disability discrimination within the past five (5) years and who were "similarly situated" to plaintiff, *i.e.*, other employees who worked in a similar position to plaintiff at BREC's Capital Improvement Department.

**V.     Request for Production Nos. 22 and 24:**

In the above requests, Dooley seeks reports of accidents and vehicle damages as well as all incident reports at BREC's Capital Improvements Department from September 2005 to February 13, 2009.  BREC objects to this request on the ground that the information sought relates to plaintiff's prior complaint and lawsuit that he was improperly disciplined in 2005.  Because that claim has already been litigated and dismissed by this Court, BREC contends that any evidence of other accidents or disciplinary records resulting from other accidents is "wholly irrelevant" to the present suit alleging retaliation and disability discrimination.  Dooley has not offered any legitimate reason for seeking this information in the context of the present suit.  He simply alleges in his motion that such information is "calculated to produce information regarding disparate treatment, credibility, and policy issues."  Because it does not appear that the requested information is relevant to plaintiff's claims in the present matter and since the requested information pertains to persons who are not parties to this suit and could contain personal and confidential information regarding those individuals, the Court finds no basis to compel production of the information requested in Request for Production Nos. 22 and 24 at this time.

**VI.     Request for Production No. 25:**

In this request, plaintiff seeks the job qualifications/education, background, special training, and job-related experience of the following BREC employees:  David Thornhill, Paul Foretich, and Ted Jack.  BREC objects to the production of the requested information because Dooley has not alleged that he was denied a promotion that was given to any of the listed individuals.  BREC therefore contends that the qualifications, experience, and background of those individuals (who, apparently, are Dooley's former supervisors) have no bearing on whether he was subjected to retaliation or disability discrimination.  BREC argues that plaintiff's request is intended only to harass and embarrass his former supervisors, none of whom are parties to this litigation.

Dooley contends that he is entitled to the requested information because it is "calculated to discover the backgrounds of [the] persons making decisions that directly relate[d] to [his] employment."  The Court agrees with BREC that the requested information would only be relevant to this suit if Dooley had been denied a position, and he was seeking to prove that other applicants for that position were less qualified and experienced than he was.  That is not the situation in this matter.  Dooley has admitted he is seeking the requested documents simply to obtain information on the backgrounds of his supervisors who made decisions concerning his employment.  He has not explained how such information would be in any way relevant to his claims that those supervisors retaliated against him and subjected him to disability discrimination.  As such, plaintiff's motion to compel further response to Request for Production No. 25 will be denied.

Accordingly;

**IT IS ORDERED** that the Motion to Compel (R. Doc. 12) filed by plaintiff, Patrick W.

Dooley, is hereby **GRANTED IN PART**, in that defendant, BREC, shall provide, within fifteen (15) days, a supplemental response to Request for Production Nos. 20 and 21 in accordance with this Ruling, and **DENIED IN PART**, as to all other Requests for Production at issue in plaintiff's motion.

Signed in chambers in Baton Rouge, Louisiana, July 6, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**