UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK W. DOOLEY

VERSUS

RECREATION AND PARKS
COMMISSION FOR THE
PARISH OF EAST BATON
ROUGE (BREC)

CIVIL ACTION

NO. 08-715-BAJ

### RULING

On October 27, 2010, defendant, BREC ("Defendant"), filed an Application to Tax Costs against plaintiff, Patrick W. Dooley ("Plaintiff"), in the amount of $1,378.77 to cover the cost of the depositions of Plaintiff and three BREC employees (David Thornhill, Paul Foretich, and Stephanie Trim) pursuant to FRCP Rule 54(d)(1), 28 U.S.C. § 1920, LR 54.3, and the Court's Judgment of October 13, 2010 in favor of Defendant (doc. 47-1, pp. 1-2). On August 19, 2011, the Fifth Circuit, *per curium*, issued an opinion in this case affirming the judgment of the Court (doc. 65, p. 2). On October 26, 2011, the Clerk of Court filed a Taxation of Costs, noting that a Bill of Costs was filed by defendants and no objections have been filed (doc. 66). On November 1, 2011, Plaintiff filed an objection to Defendant's motion for taxation of costs (doc. 67).

In *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1237 (5th Cir.1988), the Fifth Circuit instructed that, pursuant to *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987):

> [I]n cases in which there is no basis for an award of attorney's fees: 1) absent explicit statutory or contractual authorization to the contrary, courts may not tax items other than those listed in 28 U.S.C. § 1920 as costs against the losing party; 2) Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but it does not give them the power to tax items not elsewhere enumerated; and 3) insofar as there are statutory limits to the amounts that may be taxed as costs, Rule 54(d) does not empower courts to exceed those limits.

Pursuant to FRCP Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Costs provided for under 28 U.S.C. § 1920, such as "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed against the losing party. § 1920(2) and (4). The Fifth Circuit has held that:

> Although § 1920 does not specifically mention depositions, a number of courts have interpreted § 1920(2), which refers to "fees of the court reporter" and § 1920(4), which refers to "fees for exemplification and copies of papers necessarily obtained for use in [a] case," to authorize taxing the costs of deposition originals and deposition copies. . . . this court held that the cost of a deposition copy was taxable as a matter of statutory construction under § 1920(4), if the copy was necessarily obtained for use in the case. The trial judge is particularly qualified to decide whether a copy is necessary, and we reverse such a determination only for abuse of discretion.

*West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1237–38 (5th Cir.1988).

Accordingly, after a review of the Clerk of Court's determination (doc. 66), for the reasons cited in Defendant's application to tax costs, and the Court finding that Defendant utilized the aforementioned depositions in preparation of its Motion for Summary Judgment (doc. 34)[1], costs in the amount of $1,378.77 should be taxed against Plaintiff.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that costs in the amount of $ 1,378.77 are taxed against Plaintiff.

Baton Rouge, Louisiana, November __8__, 2011.

```
                                    BRIAN A. JACKSON, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    MIDDLE DISTRICT OF LOUISIANA
```

---

[1] The Court notes that, in its Motion for Summary Judgment (doc. 34), Defendant cites to the deposition of Plaintiff on pages 4, 5, 7, 12, 13, 14, 17, 18, 19, 20, 21, and 27. Defendant cites to the deposition of David Thornhill on pages 5, 6, 9, and 18. Defendant cites to the deposition of Paul Foretich on pages 7and 8; and Defendant cites to the deposition of Stephanie Trim on pages 6, 7, 8, 9, 10 and 11.